IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DETEL ANTHONY BEARE,                                               PLAINTIFF

v.                             3:05CV00291  HLJ

STATE OF ARKANSAS, et al.                                          DEFENDANTS

## ORDER

Plaintiff, an inmate proceeding pro se, seeks relief in a civil rights action pursuant to 42 U.S.C. § 1983, and has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]

Pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A(a), the Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege

---

[1] By separate Order, the Court granted plaintiff's application to proceed in forma pauperis.

1

the deprivation of a federal right by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980).

In this case, plaintiff names as defendants in his complaint the Mississippi County and Crittenden County Sheriff's Departments (Jails). However, a Jail is not considered a "person" within the meaning of 42 U.S.C. § 1983. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); Ketchum v. City of West Memphis, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities).

Plaintiff also names as a defendant the State of Arkansas, which is immune from liability because the Eleventh Amendment bars suits filed against a State by citizens of that same State in federal court. Williams v. Missouri, 973 F.2d 599 (8th Cir. 1992). See also Ark. Const. Art. 5 § 20 and Ark.Code Ann. § 16-123-104 (Michie Supp. 1999-2000).

Finally, the Court finds that both defendants Bradley and Walker should be dismissed. It appears from plaintiff's amended complaint that defendant Bradley was his attorney at his criminal trial, either as a retained private attorney, or as an attorney appointed by the Court to represent him and defendant Walker was the prosecutor. However, a private attorney, whether he is retained by the plaintiff or appointed to represent him in his criminal proceedings, is not considered to be a state actor within the meaning of § 1983. In Chambers v. Kaplan, 648 F.2d 1193 (8th Cir. 1981), the Court held that even when a private attorney is appointed by the Court to represent the plaintiff, the attorney does not act under the color of state law. In addition, "[p]rosecutors are entitled to absolute immunity for their conduct in initiating a prosecution and

in presenting the State's case, insofar as that conduct is intimately associated with the judicial phase of the criminal process." <u>Patterson v. Von Riesen</u>, 999 F.2d 1235, 1237 (8th Cir. 1993). Therefore, the Court finds that defendant Walker also should be dismissed.   Accordingly,

  IT IS, THEREFORE, ORDERED that defendants State of Arkansas, Mississippi County Sheriff's Department, Crittenden County Sheriff's Department, John Bradley, and Curtis Walker are hereby DISMISSED as defendants to this action.

  IT IS SO ORDERED this 6th day of September, 2006.

            <u>/s/Susan Webber Wright</u>
            United States District Judge